IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SIDNEY TATE, JR.                                                                                    PLAINTIFF

      v.                          Civil No. 6:09-cv-06055

DETECTIVE LARRY PATRICK,
Hot Springs Police Department;
DETECTIVE LES JESSUP, Hot
Springs Police Department; and
DETECTIVE HRVATIN, Hot
Springs Police Department                                                                  DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      Plaintiff, Sidney Tate, Jr. (hereinafter Tate), filed this civil rights case pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act.  Specifically, pursuant to 28 U.S.C. § 1915A the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

**Background**

According to the allegations of the complaint, Tate was arrested by Detective Larry Patrick (hereinafter Patrick) and Detective Les Jessup (hereinafter Jessup) of the Hot Springs Police Department on February 28, 2009. Tate maintains they obtained a warrant for his arrest based on "false facts and misstatements," racial profiling, and blatant stereotypes. *Complaint* (Doc. 1) at page 4 & 8. In connection with his arrest, Tate also maintains Patrick and Jessup violated his Due Process rights and failed to inform him of his Miranda rights.

Following his arrest, Tate was taken to the Hot Springs Police Department. Once there, Tate states he was moved to a room not equipped with a monitoring or recording device and while he was handcuffed, Tate maintains Patrick and Jessup used excessive force against him. *Complaint* (Doc. 1) at page 8. Tate also asserts Jessup made the statement: "Nigger don't you know I will kill you." *Id.* Detective Hrvatin then opened the door at which time Tate "managed to plead for help and asked him 'are you gonna let them do this to me?'" *Id.* Tate indicates he was then transported to the Garland County Detention Center where photographs were taken of him. *Id.*

Tate also asserts that he has had no legal representation since February 28th. *Complaint* (Doc. 1) at page 8. He indicates he sent an inquiry to the public defender's office but was told that he had not been assigned to their office. He also states no judge has found him financially able to seek his own counsel. *Id.* at page 6.

**Discussion**

To the extent Tate brings claims based on his alleged false arrest, false testimony, or false imprisonment, those claims are barred. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113.

As a result of the arrest, Tate was charged with a drug related offense involving crack cocaine and the criminal case was scheduled for jury trial. He maintains the state criminal case against him should be dismissed. As relief, Tate seeks monetary damages for his pain and suffering and false imprisonment. These claims are barred by *Heck*.

Second, Tate's claim that he was denied legal counsel is without merit. The determination of whether he qualifies for appointed counsel is made by the Court not by the police officers. Ark. R. Crim. P. 8.2(a)("An accused's desire for, and ability to retain, counsel should be determined by

a judicial officer before the first appearance whenever practicable."); Ark. R. Crim. P. 8.2(b)("Whenever an indigent is charged with a criminal offense and, upon being brought before any court, does not knowingly and intelligently waive the appointment of counsel, the court shall appoint counsel to represent the indigent, unless the indigent is charged with a misdemeanor and the court has determined that under no circumstances will incarceration be imposed as a part of the punishment if the indigent is found guilty."). *Cf. Ball v. Roberts*, 291 Ark. 84, 722 S.W.2d 829 (1987)("The right to decide whether an attorney . . . can be appointed to represent an indigent in a criminal case is a judicial question.").

Third, Tate's claim based on the alleged verbal threats made by the Defendants is subject to dismissal. "Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986)(A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of

retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

Finally, no claim is stated against Hrvatin. According to Tate, when excessive force was being used against him by Patrick and Jessup, Hrvatin opened the door of the room they were in. Tate asked Hrvatin if he was "gonna let them do this to me?" Tate states he was then transported to the Garland County Detention Center. Tate does not allege Hrvatin used excessive force against him, was present when the alleged excessive force was being used by Patrick and Jessup, or was even aware of the alleged use of excessive force against Tate prior to the time he opened the door. Once Hrvatin opened the door, Tate alleges he was removed from the room and transported to a different facility.

## Conclusion

Accordingly, I recommend that the following claims be dismissed: (1) the false arrest, false testimony, and false imprisonment claims; (2) the denial of counsel claims; (3) the verbal threats or harassment claims; and (4) any excessive force or failure to protect claims asserted against Detective Hrvatin. These claims are frivolous, fail to state claims upon which relief may be granted, or are not presently cognizable under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A(b). This would dismiss all claims against Detective Hrvatin.

This leaves for later resolution the excessive force claims asserted against Detective Patrick and Detective Jessup. By separate order the complaint will be served on these Defendants.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

**may result in waiver of the right to appeal questions of fact.  Plaintiff  is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

     DATED this 23rd day of October 2009.

                                         /s/ Barry A. Bryant  
                                         HON. BARRY A. BRYANT  
                                         UNITED STATES MAGISTRATE JUDGE